UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL CLARK,

    Plaintiff,

v.                                          CASE NO: 8:05-cv-67-T-23MAP

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.

_____/

**ORDER**

The defendant moves (Doc. 11) to dismiss count two of the amended complaint (Doc. 8), which seeks to "clarify" the plaintiff's right to future benefits under the LTD PLAN.[1] The Employee Retirement Income Security Act (ERISA) permits a civil action "to clarify [the right] to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(2). See also Jones v. Am. Gen. Life and Accident Ins. Co., 370 F.3d 1065 (11th Cir. 2004); Wade v. Life Ins. Co. N. Am., 245 F. Supp. 2d (D. Me. 2003); Williams v. UNUM Life Ins. Co., F. Supp. 136 (E.D. Va. 1996) ("a [plaintiff] may further obtain a declaratory judgment that [he] is entitled to future disability benefits provided

---

[1] The defendant contends (Doc. 11) that an award of future benefits is unavailable as a matter of law. Relying on Maniscalco v. Provident Life and Accident Ins. Co, No. 8:03-cv-743-T-26MSS (M.D.Fla. 2003) (Lazzara, J.), the plaintiff responds (Doc. 17) that the defendant's repudiation of the insurance contract entitles him to an award of future benefits. However, count two requests only declaratory relief.

circumstances concerning [his] eligibility do not change").  Accordingly, the motion to dismiss count two (Doc. 11) is **DENIED**.

ORDERED in Tampa, Florida, on June 22, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE